United States District Court
Southern District of Texas
FILED

FEB 14 2023

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
February 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GAMALIEL MARTINEZ COMPEAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-0359 |
| | § | |
| J.E. "EDDIE" GUERRA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff GAMALIEL MARTINEZ COMPEAN, proceeding pro se, seeks redress for violations of his constitutional rights during his pretrial incarceration at the Hidalgo County Adult Detention Center, claiming that officials were indifferent to his medical needs. (Dkt. No. 1). Several times now, Plaintiff has failed to comply with orders that he either pay the civil action filing fee or file an application to proceed in forma pauperis. Moreover, while he appears to have been released from the detention center, Plaintiff has not provided notice of his change of address.

This case has been referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Upon review of the record and the relevant law, the Magistrate Judge RECOMMENDS that this case be DISMISSED for the failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### I. PROCEDURAL BACKGROUND

On October 11, 2022, the Clerk of Court received Plaintiff's complaint. (Dkt. No. 1). The complaint was sent from the detention center and dated October 4, 2022. (*See id.* at 5; *see also* Dkt. No. 1-2). The factual allegations giving rise to Plaintiff's claim of medical indifference are alleged to have occurred between the date of his arrest in late September 2022 and the date of the

complaint. (*See* Dkt. No. 1 at 2-3). Plaintiff takes issue with the medical treatment he received (or lack thereof) for injuries sustained in a physical altercation that resulted in his arrest. (*See id.*).

On October 21, 2022, the Magistrate Judge ordered Plaintiff to either pay the fee associated with the filing of a civil action or file an application to proceed in forma pauperis. (Dkt. No. 5). Compliance was ordered within thirty days. (*Id.* at 2). Plaintiff was specifically advised of his obligation to keep the clerk advised in writing of his current address. (*Id.*). He was also warned that failure to comply with the order could result in the dismissal of his case for the failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. (*Id.*).

The Clerk mailed the order to Plaintiff at the detention center, but the mailing was returned in the original envelope with a handwritten notation reading, "Released[.]" (Dkt. No. 6).

On December 14, 2022, the Magistrate Judge again ordered Plaintiff, within thirty days, to either pay the filing fee or apply for in forma pauperis status. (Dkt. No. 7). Yet again, Plaintiff was advised of his obligation to provide an updated addressed and warned that failure to comply with the order could lead to the dismissal of his case. (*Id.* at 2). The Clerk was directed to mail the order to Plaintiff at the detention center, his last known address. (*Id.*).

This second order was also returned to the Clerk in its original envelope with a postal stamp reading, "RETURN TO SENDER * NOT DELIVERABLE AS ADDRESSED * UNABLE TO FORWARD" and a handwritten notation reading, "Released[.]" (Civ. Dkt. No. 9 at 2).

Now, more than thirty days have passed, but Plaintiff has failed to pay the filing fee, submit an application to proceed in forma pauperis, or otherwise provide an updated mailing address.

## II. LEGAL STANDARDS

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ.

P. 41(b). A district court may also dismiss an action sua sponte under Rule 41(b). *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority derives from a court's inherent power to control its docket, prevent undue delays in the disposition of cases, and avoid congested calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). A Rule 41(b) dismissal may be either with or without prejudice. *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (per curiam) ("Unless an involuntary order of dismissal specifies that it is without prejudice, . . . it 'operates as an adjudication on the merits.'" (quoting Fed. R. Civ. P. 41(b)).

Dismissal with prejudice is reserved for the most egregious cases, where there is a clear record of delay or contumacious conduct, and lesser sanctions would not serve the best interests of justice. *Id.* Such a dismissal must be based on at least one of three aggravating factors: (i) delay caused by the plaintiff themselves and not their attorney; (ii) actual prejudice to the defendant; or (iii) delay caused by intentional conduct. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). If a plaintiff would be barred from re-asserting their claims because the statute of limitations period has expired, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and subject, therefore, to the same heightened standard. *Id.*

"While a court should be appropriately lenient with a party who is proceeding pro se, the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Rodriguez-Madrigal v. United States*, 2016 WL 6581339, at *3 (S.D. Tex. Oct. 10, 2016) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)) (quotations omitted), *report and recommendation adopted*, 2016 WL 6583717 (S.D. Tex. Nov. 3, 2016).

"[L]itigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Lab.*, 172 F.3d 1262, 1267 (10th

Cir. 1999)). This requirement is memorialized in the Local Rules for the Southern District of Texas, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of [their] current address." S.D. Tex. L.R. 83.4. Indeed, a district court may involuntarily dismiss a pro se litigant's lawsuit under Rule 41(b) for failure to maintain a current mailing address insofar as such failure suggests that the litigant has lost interest in pursuing their claims. *See Figueroa-Hernandez v. United States*, 2005 WL 2263462, at *3 (S.D. Tex. Aug. 31, 2005), *report and recommendation adopted*, No. 7:02-CV-0398 (S.D. Tex. Sept. 14, 2005).

### III. ANALYSIS

Here, Plaintiff has failed to comply with two court orders to pay his filing fee or apply for in forma pauperis status, which supports a Rule 41(b) dismissal. *See Jones v. Meier*, 2002 WL 31936492, at *1-2 (N.D. Tex. Dec. 16, 2002). Also supporting a Rule 41(b) dismissal is the fact that Plaintiff has failed to provide an updated address in compliance with the Local Rules. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (per curiam) ("[T]he failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."); *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam) (affirming dismissal for the failure to comply with a local rule requiring pro se litigants to keep the court apprised of their correct address); *Day v. Cockrell*, 2002 WL 31757777, at *1 (N.D. Tex. Nov. 21, 2002) (dismissing habeas petition where the petitioner failed to notify the court of his change of address and orders were returned to the court as undeliverable). Indeed, the circumstances suggest that Plaintiff has simply lost interest in pursuing this case. *See Figueroa-Hernandez*, 2005 WL 2263462, at *3 (concluding that the failure to advise the clerk of any address changes suggests that a litigant has lost interest in pursuing their claims).

It bears noting that the heightened dismissal-with-prejudice standard does not apply to Plaintiff's claim of medical indifference because the limitations period on that claim has yet to expire. The generally applicable limitations period borrowed from Texas law is at least two years. *See A.W. v. Feenstra*, 2015 WL 4537750, at *6 (S.D. Tex. July 27, 2015) (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995)). Only around six months have passed since Plaintiff was rendered the supposedly inadequate medical treatment.

## IV. CONCLUSION

After review of the record and relevant law, the Magistrate Judge RECOMMENDS that Plaintiff's civil rights action be DISMISSED for the failure to prosecute pursuant to Rule 41(b).

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to Plaintiff at the address currently on record by any receipted means.

DONE at McAllen, Texas this 14th day of February 2023.

J. SCOTT HACKER
United States Magistrate